UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., AND MICRON TECHNOLOGY TEXAS LLC,<br><br>    Defendants. | Civil Action No. 2:22-cv-00294<br><br>**JURY TRIAL DEMANDED** |

# **DEFENDANTS' OPPOSED MOTION TO STAY**

## **TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | Original Complaint, *Netlist, Inc. v. Micron Tech., Inc.*, Dkt. No. 1, Case No. 1:22-CV-00136 (W.D. Texas). |
| 2 | April 28, 2021 Netlist Letter to Micron |

# **TABLE OF CONTENTS**

I.   Introduction ........................................................................................................................ 1

II.  Statement of Facts ............................................................................................................. 2

     A.   Netlist First Filed in the Western District of Texas, Waco Division, and Agreed to Transfer those Disputes to the Austin Division. .................................... 2

     B.   Netlist Filed the Second-Filed Action in this Court Immediately after Receiving an Adverse Ruling in Austin, Despite Substantial Overlap between the Asserted Patents and the Accused Products. ...................................... 3

     C.   Netlist Filed This Third-Filed Case in the Eastern District Despite Substantial Overlap with the First-Filed Case in Austin. ........................................ 4

III. Legal Standard .................................................................................................................. 5

     A.   First to File ............................................................................................................. 5

IV.  Argument .......................................................................................................................... 6

     A.   Netlist's Allegations Regarding the Asserted Patents Are Substantially Similar to Issues Already Pending in the Western District .................................... 6

     B.   Given the Substantial Overlap, the Western District as the First-Filed Court Should Determine Where the Asserted Patent Claims Proceed. ................... 8

V.   Conclusion ........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aventis Pharmaceuticals Inc. v. Teva Pharmaceuticals USA Inc.*,
   No. 2:06-CV-469, 2007 WL 2823296 (E.D. Tex. Sept. 27, 2007)...................................6, 7, 8

*Cadle Co. v. Whataburger of Alice, Inc.*,
   174 F.3d 599, 605 (5th Cir. 1999) .................................................................................................5

*Mann Mfg., Inc. v. Hortex, Inc.*,
   439 F.2d 403, 408 (5th Cir. 1971) .................................................................................................5

*RPost Holdings, Inc. v. Sophos, Inc.*,
   No. 2:13-CV-959, 2014 WL 10209205 (E.D. Tex. Aug. 20, 2014) .........................................5

*Texas Instruments, Inc. v. Micron Semiconductor, Inc.*,
   815 F.Supp. 994 (E.D. Tex. 1993)................................................................................................5

*Virtual Fleet Mgmt., LLC v. Position Logic, LLC*,
   No. 2:17-CV-00014-JRG, 2017 WL 10276708, at *2 (E.D. Tex. May 17,
   2017) ...............................................................................................................................5, 6, 8

*W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA,
AFL-CIO*,
   751 F.2d 721 (5th Cir. 1985) ...............................................................................................5, 6, 8

**Other Authorities**

Fed. R. Civ. P. 15(c)(1)(B) ..............................................................................................................8

I. **<u>INTRODUCTION</u>**

Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron") respectfully move the Court to stay this litigation. Netlist, Inc. ("Netlist") is asserting patents that relate to an earlier-filed patent infringement case pending in the Western District of Texas, and Micron has sought leave to add declaratory judgment noninfringement counterclaims for these patents in that action. The Court should stay the litigation because the Western District of Texas litigation constitutes the first-filed litigation under the first-to-file rule, and it is proper for the first-filed court to determine whether to exercise jurisdiction.

This case is Netlist's second attempt to split related patents into multiple actions and judicial districts. Over a year ago, Netlist sued Micron in the Western District of Texas, Waco Division, contending that Micron infringes certain alleged standard essential buffered memory module patents ("*Netlist* Case 1").[1] Micron counterclaimed, seeking judgments of noninfringement, invalidity, and standard-required RAND terms.[2] Netlist later stipulated to transferring the case to the Austin Division, and the case was ultimately stayed pending resolution of *inter partes* review ("IPR") proceedings.[3]

Apparently unhappy with its stipulated venue choice, Netlist filed two additional cases in the present District against Micron: *Netlist, Inc. v Micron Tech, Inc.*, No. 2:22-cv-00203 (E.D. Texas) ("*Netlist* Case 2") and the above-captioned action ("*Netlist* Case 3"). Both cases assert patents that relate to, or are materially similar to, the asserted alleged standard essential buffered memory patents at issue in *Netlist* Case 1. These two new litigations are blatant attempts at forum

---

[1] *Netlist, Inc. v. Micron Tech., Inc.*, Western District of Texas Case No. 6:21-cv-431, transferred from the Waco to the Austin Division as 1:22-cv-136.
[2] *Netlist* Case 1, Dkt. No. 19.
[3] *Netlist* Case 1, Dkt. No. 69.

shopping to end-run the stay issued by the Austin Court. These two new cases also create substantial inefficiencies for the litigants and the judiciary, as they involve substantial overlapping issues split into multiple actions across two judicial districts.

The overlap between *Netlist* Cases 1-3 is substantial. The cases implicate the same, or materially similar, standard-essential RAND issues for buffered memory products, accused Micron products and relevant Micron witnesses, common inventors, shared patent specifications, and overlapping questions of damages and enforceability. These similarities, and others, necessarily involve overlapping discovery, damages, and liability issues. Thus, in the interest of judicial efficiency, comity, and decreasing the parties' overall litigation expenses, Micron has requested leave from the Austin Court to add counterclaims addressing the substantially similar patents from *Netlist* Case 2[4] and all the patents from the present *Netlist* Case 3 litigation.[5] That motion is currently pending before the Austin Court.

Micron accordingly requests that this Court enter an order staying the litigation until the Court in the first-filed Austin case resolves Micron's motion for leave to add counterclaims. Doing so will serve the interests of judicial economy and comity that underpin the first-to-file rule.

## II.  STATEMENT OF FACTS

### A.  Netlist First Filed in the Western District of Texas, Waco Division, and Agreed to Transfer those Disputes to the Austin Division.

On April 8, 2021, Netlist filed a complaint for patent infringement in the Western District of Texas, Waco Division. *See* Ex. 1 (*Netlist* Case 1 complaint). Netlist accused Micron's DDR4 Load Reduced Dual In-Line Memory Modules ("LRDIMMs") of allegedly infringing three Netlist

---

[4] With respect to *Netlist* Case 2, Micron sought leave to add declaratory judgment noninfringement counterclaims for four of the six asserted patents. Micron also filed a motion to sever and stay those patents from *Netlist* Case 2. *Netlist* Case 2, Dkt. No. 28.
[5] *Netlist* Case 3, Dkt. No. 11.

2

patents: U.S. Patent Nos. 10,489,314 (the "'314 patent"); 9,824,035 (the "'035 patent"); and 10,268,608 (the "'608 patent") (collectively, the "Austin Patents"). *Id.*, ¶¶ 7, 40, 43, 74, 105. Netlist alleges that these patents are essential to various DDR4 memory module standards promulgated by the Joint Electron Device Engineering Counsel ( "JEDEC"). *Id.*, ¶ 2. Micron filed an answer and counterclaims seeking declaratory judgment to resolve infringement, validity, and (if needed) appropriate standard-required RAND licensing terms. *Netlist* Case 1, Dkt. No. 19.

Micron moved to transfer the case to a more convenient forum: either the District of Idaho or alternatively the Western District's Austin Division. *Netlist* Case 1, Dkt. No. 32. Netlist stipulated to transfer to the Austin Division. *Netlist* Case 1, Dkt. No. 43. Judge Alan D Albright transferred the case to the Austin Division on February 14, 2022. *Netlist* Case 1, Dkt. No. 45.

### B. Netlist Filed the Second-Filed Action in this Court Immediately after Receiving an Adverse Ruling in Austin, Despite Substantial Overlap between the Asserted Patents and the Accused Products.

Having identified invalidating prior art, Micron filed petitions for *inter partes* review of the Austin Patents. On May 11, 2022, the Austin Court stayed the case pending the PTAB acting on Micron's *inter partes* review petitions. *Netlist* Case 1, Dkt. No. 69.[6] Netlist filed *Netlist* Case 2 less than a month later, on June 10, 2022. *Netlist* Case 2, Dkt. No. 1. Netlist never moved for leave to add the overlapping patents from *Netlist* Case 2 to the existing Austin litigation, despite choosing the Western District as the forum for its allegedly standard essential buffered memory patents dispute and despite stipulating to adjudication in the Austin Division.

Given the substantial overlap between the first-filed *Netlist* Case 1 (Austin) and the overlapping patent infringement allegations in *Netlist* Case 2 (Marshall), Micron has requested

---

[6] On July 19, 2022, the Patent Trial and Appeal Board instituted proceedings for the '035 patent (IPR2022-00236) and declined to institute proceedings for the '608 patent (IPR2022-00237). Micron has requested rehearing of the denial.

leave to address the overlapping patents through amended counterclaims. *Netlist* Case 1, Dkt. No. 72. Micron also has moved this Court to sever and stay proceedings regarding the overlapping patents from *Netlist* Case 2 while the Austin Court determines whether it will exercise its jurisdiction over those issues. *Netlist* Case 2, Dkt. No. 28.

      **C.**    **Netlist Filed This Third-Filed Case in the Eastern District Despite Substantial Overlap with the First-Filed Case in Austin.**

Netlist filed *Netlist* Case 3 in this District although the patents all relate to a patent in *Netlist* Case 1. Netlist's asserted U.S. Patent Nos. 11,093,417 (the "'417 patent") and 9,858,215 (the "'215 patent") are in the direct continuation line with the '314 patent asserted in *Netlist* Case 1. Netlist's asserted U.S. Patent No. 7,619,912 (the "'912 patent") similarly claims priority to the same provisional and non-provisional applications as the '314 patent in *Netlist* Case 1. *Netlist* Case 3, Dkt. No. 11 ¶ 22; Ex. 1 at ¶ 22.

Netlist's allegations for the patents in *Netlist* Cases 1 and 3 are also substantially similar. Netlist alleges that the patents in *Netlist* Case 3 are standard-essential buffered memory patents. Dkt. No. 11 at ¶¶ 18, 45-50, 57-63. Indeed, Netlist identified the '912 and '215 patents,[7] and the other patents asserted in *Netlist* Case 1, all together in a letter that pre-dated the filing of *Netlist* Case 1. Ex. 2, April 28, 2021, letter. Netlist also accuses the same products in *Netlist* Cases 1 and 3: Micron's DDR4 LRDIMMs products. *Compare* Dkt. No. 11 *at* ¶¶ 9, 37, 39, 41, 55 *with* Ex. 1 ¶¶ 7, 40, 43, 74, 105.

---

[7] The asserted '415 patent issued after this letter was sent.

### III. LEGAL STANDARD

#### A. First to File

Under the first-to-file rule, a dispute should be resolved in the forum that first seized jurisdiction over the subject matter. *See RPost Holdings, Inc. v. Sophos, Inc.*, No. 2:13-CV-959, 2014 WL 10209205, at *1 (E.D. Tex. Aug. 20, 2014). This is true even when then first-filed case is a declaratory judgment action. *See id.* Determining whether to apply the first-to-file rule requires resolving two questions: "1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and 2) which of the two courts should take the case?" *Id.* (quoting *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993)).

If "two pending actions involve substantially similar issues," the second-filed court should "decline[] to resolve the question of which of the two courts should proceed" because "it is not the second-filed court's position to determine the appropriate venue." *Virtual Fleet Mgmt., LLC v. Position Logic, LLC*, No. 2:17-CV-00014-JRG, 2017 WL 10276708, at *2 (E.D. Tex. May 17, 2017) (Gilstrap, J.); *see also Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999) ("Once the likelihood of a substantial overlap between the two suits ha[s] been demonstrated, it [is] was no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed." (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971))). Thus, when two actions involve substantially similar issues, the second-filed court should either dismiss, transfer, or stay—a stay is particularly appropriate when necessary to allow the first-filed court to determine whether it should adjudicate both cases. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 n.1 (5th Cir. 1985) (remanding case for entry of an order of stay, transfer, or dismissal).

## IV. ARGUMENT

Staying this case will best serve judicial efficiency and comity. Under the first-to-file rule, when two cases involve substantially similar issues, a stay is appropriate in the second-filed court to allow the first-filed court an opportunity to decide whether to exercise jurisdiction over the subject matter of the later action. *Virtual Fleet Mgmt.,* 2017 WL 10276708, at *2; *W. Gulf Mar. Ass'n*, 751 F.2d at 729 n.1.

### A. Netlist's Allegations Regarding the Asserted Patents Are Substantially Similar to Issues Already Pending in the Western District.

Patent-infringement cases are substantially similar even when they involve different patents if the cases involve the same parties, patents covering similar technologies, and the same accused products. This Court concluded as much under similar circumstances in *Aventis Pharmaceuticals Inc. v. Teva Pharmaceuticals USA Inc.*, No. 2:06-CV-469, 2007 WL 2823296, at *2 (E.D. Tex. Sept. 27, 2007). In *Aventis*, the patentee, Aventis, filed an infringement action in this District alleging that Teva infringed claims in two patents related to the pharmaceutical compound fexofenadine. *Id.* at *1. Aventis, however, previously asserted other fexofenadine-related claims from different patents against Teva in New Jersey. *Id.* Both cases involved the same accused products—though Teva argued that the claims asserted in this District related to "distinct inventions from those involved in the New Jersey actions." *Id.* at *1–2. Aventis filed its Texas action shortly after an adverse ruling in the New Jersey actions. *See id.* at *2 ("In short, it appears that Aventis filed suit in this forum because it was disappointed with Judge Greenaway's ruling on the motion for preliminary injunction."). Under those circumstances, this Court determined that applying the first-to-file rule was appropriate because the new case and the prior New Jersey cases were substantially similar. *Id.* at *2.

6

The *Aventis* reasoning applies equally here. The parties—Netlist, Inc., Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC—are the same in both cases. Dkt. No. 1; Ex. 1. The Micron memory modules at issue in both sets of claims substantially overlap. In *Netlist* Case 1, Netlist accuses Micron's DDR4 LRDIMM products of infringing its alleged standard-essential buffered memory module patents. *See* Ex. 1 ¶¶ 7, 40, 43, 74, 105. In the present case, Netlist accuses the same (or similar) DIMM products of infringing the asserted patents. *See* Dkt. No. 11 ¶¶ 9, 37, 39, 41, 55.

Substantial overlap also exists in the underlying technology at issue in both proceedings. For example, all the patents relate to the same DIMM technology. The asserted '417 and '215 patents are in a direct continuation chain with the '314 patent asserted in *Netlist* Case 1; and the asserted '912 patent claims priority to the same provisional and non-provisional applications as the '314 patent. The patents in both cases accordingly share similar disclosures and present overlapping issues of claim construction, priority, and validity. Likewise, both cases implicate overlapping issues of alleged infringement as the JEDEC standard underpins Netlist's allegations in both forums. *See, e.g.*, Dkt. No. 11 ¶¶ 5,7, 59, 61–63; Ex. 1 ¶¶ 2, 27.

The allegations also implicate common issues of damages and licensing since they implicate sales of the same Micron DIMM products and RAND licensing obligations, such that discovery relating to Netlist's allegations will cover substantially similar issues. *See, e.g.*, Ex. 1, ¶¶ 2, 94. Both actions also cite the same JEDEC standards that allegedly show how the accused products practice the claimed features. *Compare* Ex. 1 ¶¶ 60 (citing JEDEC Standard No. 82-32A (August 2019) at 13-14), 83 (same), 84 (same) 88 (same), 113 (same) *with* Dkt. No. 11 ¶¶ 57, 59, 61–63. Given the above similarities, which include significantly more overlap than was present in

*Aventis*, substantial similarity exists between the issues here regarding the asserted patents in *Netlist* Cases 1 and 3, such that the first-to-file rule should apply.

      **B.    Given the Substantial Overlap, the Western District as the First-Filed Court Should Determine Where the Asserted Patent Claims Proceed.**

As in *Aventis*, it appears that Netlist brought the asserted patents in this District (and in *Netlist* Case 2) because it was disappointed with Austin Court's decision to stay the *Netlist* Case 1 proceedings pending Micron's IPRs. This is not an appropriate basis to deprive the Austin Court of jurisdiction. Instead, under the first-filed rule, the Austin Court as the first-filed Court should decide whether it will adjudicate Netlist's allegations regarding the substantially similar and related patents. *See Virtual Fleet Mgmt.,* 2017 WL 10276708, at *2. Micron thus has moved for leave to add the asserted patents to *Netlist* Case 1 through amended counterclaims. If the Austin Court grants leave, the amendment will relate back to the filing of the original counterclaims in the Western District action, taking precedence over Netlist's later filing here. *See* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").

Micron thus respectfully requests this Court enter a stay pending the Austin Court's decision on whether to adjudicate this dispute. *See W. Gulf Mar. Ass'n*, 751 F.2d at 729 n.1 (noting stay is appropriate while first-filed court determines where action should be adjudicated).

      **V.    <u>CONCLUSION</u>**

For the reasons set forth above, Micron requests that the Court stay the litigation until the Austin Court as the first-filed court decides which forum should adjudicate those claims.

Dated: September 12, 2022                         Respectfully submitted,

                                              By: */s/ Michael R. Rueckheim*
                                                Thomas M. Melsheimer
                                                State Bar No. 13922550
                                                TMelsheimer@winston.com
                                                Natalie Arbaugh
                                                State Bar No. 24033378
                                                NArbaugh@winston.com
                                                Barry K. Shelton
                                                State Bar No. 24055029
                                                BShelton@winston.com
                                                WINSTON & STRAWN LLP
                                                2121 N. Pearl Street, Suite 900
                                                Dallas, TX 75201
                                                Telephone: (214) 453-6500
                                                Facsimile: (214) 453-6400

                                                Michael R. Rueckheim
                                                State Bar No. 24081129
                                                MRueckheim@winston.com
                                                WINSTON & STRAWN LLP
                                                255 Shoreline Drive, Suite 520
                                                Redwood City, CA 94065
                                                Telephone: (650) 858-6500
                                                Facsimile: (650) 858-6559

                                                Matthew Hopkins
                                                *Pro Hac Vice*
                                                State Bar No. 1500598
                                                MHopkins@winston.com
                                                WINSTON & STRAWN LLP
                                                1901 L Street, N.W.
                                                Washington, D.C. 20036-3506
                                                Telephone: (202) 282-5000
                                                Facsimile: (202) 282-5100

                                                Juan C. Yaquian
                                                *Pro Hac Vice*
                                                State Bar No. 24110559
                                                JYaquian@winston.com
                                                WINSTON & STRAWN LLP
                                                800 Capital Street, Suite 2400
                                                Houston, TX 77002-2925

Telephone: (713) 651-2600
Facsimile: (713) 651-2700

**Attorneys for Defendants
Micron Technology, Inc.,
Micron Semiconductor Products,
Inc., and Micron Technology Texas,
LLC**

10

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 12th day of September 2022 the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist.

/s/ *Michael Rueckheim*
Michael Rueckheim

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h) and (i),Micron certifies that Micron informed Plaintiff of Micron's intent to move to stay and Plaintiff responded that it opposed the motion.

/s/ *Michael Rueckheim*
Michael Rueckheim