# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) Civil Action No. 2:22-cv-294-JRG ) |
| MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF NETLIST, INC.'S OPPOSITION TO
MICRON DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT DISPOSITIVE
MOTIONS AND MOTIONS TO STRIKE BASED ON DEPOSITION TESTIMONY
OBTAINED AFTER BRIEFING CLOSED (DKT. 38)**

Micron's last-minute motion to file five supplemental briefs (totaling 30 pages) three business days before the Court's pre-trial conference should be rejected.

(1)   Micron chose to take depositions after the deadlines for pre-trial motions. It cannot use this decision as a tool to sandbag Netlist. In fact, Micron represented to the Court that the changes in deadline to allow it to take depositions after the existing briefing deadlines would not require any changes to the briefing schedule.

(2)   The timing of these motions is not in good faith. On February 19, Micron announced that it intended to file motions to supplement, and Netlist stated it opposed. Micron waited 13 days after the last deposition of Netlist's experts, taken on February 16, to file its motions. There is no conceivable reason for it to have waited this long other than sandbagging.

### A.   Micron Chose to Depose Netlist's Witnesses after the Briefing Deadlines Even Though Netlist Offered Earlier Dates

The deadline to file dispositive motions and *Daubert* motions was January 16, 2024; the response briefs were due January 30, 2024; and replies and sur-replies were fully briefed as of February 15, 2024. Ex. 2 (Fifth Amended DCO). On November 9, 2023, this Court set a pre-trial conference for March 11, 2024, and the Court reset the hearing to March 6.

Netlist offered its expert witnesses for depositions to take place ***before*** the deadline for opening *Daubert* and dispositive briefs. Specifically, Netlist's counsel offered the depositions of Mr. Kennedy on January 12, Dr. Groehn on January 5, and Mr. Gillingham on January 8. Ex. 1 at 4 (email from Netlist's counsel):

> **From:** Carson, Rebecca
> **Sent:** Thursday, December 28, 2023 3:18 PM
> **To:** 'Kate Quisenberry'; #Netlist-Samsung293; jtruelove@mckoolsmith.com; ~Baxter, Samuel
> **Cc:** FISH SERVICE Samsung/Netlist 22cv00293; tom@gillamsmithlaw.com; ~Smith, Melissa; Nester, Brian; Ahn, Alice; jromanow@cov.com; gschmidt@hilgersgraben.com; jhyland@hilgersgraben.com; Winston-Micron-Netlist; ce@wsfirm.com; andrea@wsfirm.com; wh@wsfirm.com; ~Doan, Jennifer; jthane@haltomdoan.com; mhornok@haltomdoan.com; mthornberry@haltomdoan.com
> **Subject:** RE: Samsung/Netlist EDTX -293 - Expert Deposition Dates
>
> Counsel,
>
> With respect to the deposition dates for Samsung's and Micron's experts, we are not available to take the depositions in early January due to various scheduling conflicts, including the fact that that our team has multiple trials scheduled in January. Could you please provide alternate dates in early February?
>
> With respect to Netlist's experts, we can offer Dr. Groehn for a joint Micron/Samsung deposition on January 5 and Dr. Gillingham for a joint Micron/Samsung deposition on January 8. Mr. Kennedy is travelling and is not available until January 12. Please let us know if that date works. We are still looking into Dr. Mangione-Smith's availability and will get back to you shortly.
>
> Regards,
> Rebecca

The day after, Netlist offered Dr. Mangione-Smith for a deposition on January 12. *Id.* at 2. Because Netlist's counsel was not available to take the depositions of Samsung's and Micron's witnesses, Netlist also proposed an extension on the deadline **for Netlist to take** Micron's and Samsung's expert witnesses' depositions in February. *Id.*

Micron declined to take these depositions of Netlist's witnesses before the briefing deadlines. Instead, its counsel asked for alternative dates for Netlist's experts. At no time did Micron reserve the right—or otherwise suggest in any manner at all—to supplement its briefing based on its delayed depositions. *Id.* at 1 (2023-12-29 Micron counsel Mr. Rueckheim email).

> **From:** Rueckheim, Mike <MRueckheim@winston.com>
> **Sent:** Friday, December 29, 2023 3:53 PM
> **To:** Carson, Rebecca; 'Kate Quisenberry'; #Netlist-Samsung293; jtruelove@mckoolsmith.com; ~Baxter, Samuel
> **Cc:** FISH SERVICE Samsung/Netlist 22cv00293; tom@gillamsmithlaw.com; ~Smith, Melissa; Nester, Brian; Ahn, Alice; jromanow@cov.com; gschmidt@hilgersgraben.com; jhyland@hilgersgraben.com; Winston-Micron-Netlist; ce@wsfirm.com; andrea@wsfirm.com; wh@wsfirm.com; ~Doan, Jennifer; jthane@haltomdoan.com; mhornok@haltomdoan.com; mthornberry@haltomdoan.com
> **Subject:** Re: Samsung/Netlist EDTX -293 - Expert Deposition Dates
>
> Please also identify dates for Netlist expert depositions in February.
> -Mike

The parties (Netlist, Micron, and Samsung) ultimately agreed to an extension of the expert discovery deadline with an understanding that **the party that chose** to postpone the expert

depositions offered earlier **would agree not to move to supplement** any dispositive motions or *Daubert* motions simply because the experts' deposition did not occur before the briefing deadlines. *See* Ex. 3 at 1 (2024-01-4 Quisenberry Email) ("In other words, [Samsung] can agree if Netlist agrees that it will not use the later depositions as a basis to move for leave to file such a motion after the current January 16 deadline for dispositive / *Daubert* motions . . . ."); *id.* at 1 (2024-01-5 Carson Email) ("Netlist agrees not to use the later depositions as a basis to move for leave to file additional MSJs/*Dauberts*, although we reserve rights in the event that something else occurs that would provide a basis for such a motion (e.g., late produced discovery)"). To effectuate this agreement, Netlist and Micron (together with Samsung) jointly moved the Court for an extension of the deadline to complete expert discovery and expressly represented to the Court that "Netlist and Micron's requested extension would not require any amendment to the remaining schedule," such as the deadlines for *Daubert* and summary judgment motions. Ex. 4 (No. 22-cv-293, Dkt. 321) at 1. At no time during the parties' correspondence or in the joint motion to this Court did Micron reserve the right to supplement its *Daubert* and summary judgment briefing.

### B. After Deposing Netlist's Witnesses, Micron Waited Another 13 Days Before Filing the Motion to Supplement

Micron further delayed filing the motion to supplement after taking the depositions of Netlist's witnesses. As Micron conceded, it deposed Mr. Kennedy on February 15 and Dr. Mangione-Smith on February 16. Dkt. 38 (Micron's motion) at 2. The parties met and conferred with respect to Micron's request to supplement on February 19, 2024, at which time Netlist indicated that it would oppose the motion. *Id.* at 4. Micron waited to file its motion until **13 days** after it took the last deposition, **10 days** after the parties' meet and confer on February 19, and three business days prior to the pretrial conference. At no time during this period did Micron identify the relevant testimony it intended to present to the Court, nor did it identify how it would use that testimony. Micron's intention was clearly to jam Netlist up with briefing as late as possible.

**C.    Micron's Tactical Delay in Seeking Leave with the Court Requires Denial of its Motion for Leave**

Micron lacks a good-cause basis to seek leave to supplement its briefing with 30 new pages right before the pretrial conference.  Micron has also not even attempted to justify its delay in waiting two weeks after the witnesses' depositions to submit this motion.

Netlist would suffer prejudice if Micron's motion is granted.  Micron seeks to inject 30 pages of briefing into the pretrial conference that Netlist has not had a chance to analyze or respond to.  The prejudice is especially strong here given this District expressly and strictly prescribes page limits for *Daubert* and dispositive briefing.  As just one example, Micron filed a 15-page motion to strike the expert report of David Kennedy (Dkt. 360) and a 5-page reply brief (Dkt. 522).  Each of these briefs were exactly at the page limits set out by the local rules.  Micron now seeks to unilaterally add 7 pages to its motion, while not genuinely giving Netlist a chance to respond.[1]  As another example, Micron's supplemental brief regarding Netlist's motion to strike Dr. Stone's report is 9 pages.  Micron has not given the Court any good cause for its violation of the local rules, nor has it explained why it needs to burden the Court with this excessive amount of briefing.  Courts routinely deny motions to supplement like these for similar reasons.  *See Acorn Semi, LLC v. Samsung Elecs. Co.*, 2021 WL 2720480, at *3 (E.D. Tex. Feb. 4, 2021) (denying Samsung's Opposed Motion for Leave to File Notice of Additional Facts, noting "[w]hen the Court limits reply briefing—whether by Order, Standing Order, or Local Rule—parties should not circumvent this limitation by styling what are in fact their reply brief as 'notices.'"); *Scott Env't Servs., Inc. v. Newfield Expl. Co.*, 2019 WL 5393989, at *2 (E.D. Tex. Oct. 22, 2019) (denying motion for leave to supplement because, among other reasons, the defendant "has not provided any adequate reason for why [the supplemented materials] could not have been provided

---

[1] By waiting until three business days until the pretrial conference, Micron assured that Netlist's counsel would be fully focused on preparing for oral argument at the pretrial conference.  There is no need for this kind of gamesmanship.

- 4 -

at an earlier date" and because "allowing supplementation would [] cause significant prejudice to [the plaintiff] as briefing for the Motion to Stay had already closed"); *Hoffman v. AmericaHomeKey, Inc.*, 2014 WL 12577347, at *2 (N.D. Tex. July 29, 2014) (denying motion to supplement, because "it is not enough for [a party] to show that it has new information that was not available at the time it filed its Motion for Summary Judgment in order to receive leave to file its supplemental motion" and "that granting leave to file this supplemental brief, which would in turn necessitate the filing of response briefs from the other parties to this litigation, would only lead to undue delay").

Micron appears to contend that it filed the motion to supplement on February 29 because Netlist took the deposition of Micron's expert, Dr. Lynde on February 28. Dkt. 39 at 1. However, having to defend the deposition of its own witness at a later date (which was necessitated by Dr. Lynde's scheduling conflicts) does not provide Micron any justification to delay moving the court's for leave to supplement. Micron could have filed several motions for leave on a rolling basis so that the Court and Netlist could analyze the testimony and arguments in a timely manner. Moreover, Micron did not actually cite or rely on any of Dr. Lynde's testimony. It was thus simply Micron's choice to wait until the last possible minute.

## II. CONCLUSION

For the reasons discussed above, Micron's motion to supplement should be denied.

Dated: March 4, 2024

Respectfully submitted,

*/s/ Jason G. Sheasby*

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000

        Facsimile: (903) 923-9099

        Jason G. Sheasby (*pro hac vice*)
        jsheasby@irell.com
        Annita Zhong, Ph.D. (*pro hac vice*)
        hzhong@irell.com
        Thomas C. Werner (*pro hac vice*)
        twerner@irell.com
        Yanan Zhao (*pro hac vice*)
        yzhao@irell.com
        Michael W. Tezyan (*pro hac vice*)
        mtezyan@irell.com
        **IRELL & MANELLA LLP**
        1800 Avenue of the Stars, Suite 900
        Los Angeles, CA 90067
        Tel. (310) 277-1010
        Fax (310) 203-7199

        ***Attorneys for Plaintiff Netlist, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that, on March 4, 2024, a copy of the foregoing was served to all counsel of record via the Court's CM/ECF system.

        */s/ Yanan Zhao*
        Yanan Zhao