IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00294-JRG |
| | § | |
| MICRON TECHNOLOGY, INC., *et al.* | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

Before the Court is Micron's Motion for Leave to Supplement Dispositive Motions and Motions to Strike Based on Deposition Testimony Obtained After Briefing Closed (the "Motion"). (Dkt. No. 38.) Micron argues that there is good cause to supplement the briefing for five of its pretrial motions (Dkt. Nos. 345, 360, 364, 369, and 370) because Micron's depositions of Netlist's damages and technical experts occurred after the deadline for filing dispositive motions. (*Id.*)

Netlist opposes Micron's Motion for two reasons: (1) Micron chose to take depositions after the deadlines for pretrial motions and (2) the timing of the Motion warrants denial. (Dkt. No. 47.) Specifically, Netlist offered its experts for depositions as early as January 2024, but Micron's counsel was not available for such depositions. (*Id.*) Netlist also contends the parties[1] generally agreed to request extensions of the expert discovery deadlines to allow late depositions on the condition that the parties would not move to supplement any dispositive motions or *Daubert* Motions. (*Id.*) Additionally, Netlist argues that the timing warrants denial of the Motion since

---

[1] Here, "the parties" refers to Netlist, Samsung, and Micron considering that at the relevant time the above captioned case was consolidated with *Netlist v. Samsung*, Case No. 2:22-cv-293.

Micron waited thirteen days after the last of the depositions of Netlist's experts, taken on February 16, 2024, before filing the present Motion. Netlist argues that the timing of such does not give Netlist an adequate time to respond considering that the Motion was filed six days before the pretrial conference.

The Court finds that there is not good cause to supplement the briefing on the pretrial motions. Micron appears to contend that it filed the Motion on February 29, 2024 because Netlist took the deposition of Micron's expert, Dr. Lynde, on February 28, 2024. (Dkt. No. 39 at 1.) However, Micron offers no compelling reason why it needed to wait until after Netlist's deposition of ***Micron's*** expert to file supplemental briefs containing deposition testimony of ***Netlist's*** experts that Micron took thirteen days earlier. Micron chose to take expert depositions after the dispositive motion deadline and in such proximity to the pretrial conference despite Netlist offering its experts for depositions prior to the deadline. Micron's Motion comes at the eleventh hour before the pretrial and does not give Netlist appropriate time to respond to Micron's new supplemental briefs.

Accordingly, for the reasons stated herein, the Court finds that the Motion (Dkt. No. 38) should be, and hereby is, **DENIED**.

**So Ordered this**
**Mar 5, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE