IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00294-JRG |
| | § | |
| MICRON TECHNOLOGY, INC., *et al.* | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

# ORDER

Before the Court is Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC's (collectively, "Micron") Renewed Motion to Stay Pending IPR (the "Motion to Stay"). (Dkt. No. 288.)[1] In the Motion, Micron requests that this case be stayed pending *inter partes* review of the two Asserted Patents in this case U.S. Patent No. 11,093,417 (the "'417 Patent") and U.S. Patent No. 7,619,912 (the "'912 Patent"). Having considered the Motion to Stay, and for the reasons stated herein, the Court finds that the Motion to Stay should be and hereby is **DENIED**.

Formerly-consolidated Defendant Samsung originally moved to stay its case (Case No. 2:22-cv-293) based on Samsung filing IPRs for four patents asserted against Samsung, including the '417 and '912 Patent. (Dkt. No. 88.) The Court originally denied Samsung's motion because the PTAB had not instituted IPRs for all of the asserted patents. On December 12, 2023, the PTAB instituted IPR proceedings for the U.S. Patent Nos. 10,268,608, the last asserted patent to receive

---

[1] Micron filed its Motion while this case was still consolidated with Case No. 2:22-cv-293. All docket numbers are from Case No. 2:22-cv-293 unless otherwise specified.

an institution decision. The PTAB's final written decision for the '912 Patent is due April 19, 2024, and the PTAB's final written decision for the '417 Patent is due August 1, 2024.

Micron provides in its Motion to Stay that "[t]o reduce the burden on the Court in deciding similar issues, Micron identifies that consolidated co-defendant Samsung filed a Renewed Motion to Stay (Dkt. No. 285). Micron incorporates the legal standards and arguments supporting a stay discussed therein in Samsung's Motion to Stay." (Dkt. No. 288.) Micron argues that a Stay is further warranted in this case because Netlist only asserts two patents against Micron and the latest final written decision is expected to issue by August 1, 2024.

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

The Court has denied the motion to stay in the Samsung case that Micron incorporates by reference. (*See* Case No. 2:22-cv-293.) For the same reasons described in the Court's order dying Samsung's motion to stay, Micron's Motion to Stay should be denied. That Netlist only asserts

two patents in this case of the three asserted in Case No. 2:22-cv-293 does not affect the Court's reasoning in denying Micron's Motion to Stay. Specifically, the late stage of the case and the prejudice to Netlist outweighs the possibility—not the certainty—that the IPRs and any subsequent appeal will simplify this case.

After considering all the factors that bear on whether a staying pending IPR is warranted, the Court finds that, on balance, those factors weigh against granting a stay. Accordingly, in the exercise of its discretion, the Court **DENIES** Micron's Motion to Stay (Dkt. No. 288).

**So Ordered this**
Mar 11, 2024

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE