IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00294-JRG |
| | § | |
| MICRON TECHNOLOGY, INC., *et al.* | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER ON PRETRIAL MOTIONS, MOTIONS *IN LIMINE*, AND EXHIBITS

The Court held a Pretrial Conference in the above-captioned matter on Wednesday, March 6, 2024 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Netlist, Inc. ("Netlist") and Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron") (together, with Netlist, the "Parties"). (Case No. 2:22-cv-293, Dkt. Nos. 340, 345, 354, 358, 360, 362, 364, 366, 367, 368, 369, 370, 607, 608, 610, 613, 660; Case No. 2:22-cv-294, Dkt. No. 40.) This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced from the bench and into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

1. **Motion for Summary Judgment That the Asserted Patents are Not Standard Essential (Dkt. No. 362)**

    The motion was **GRANTED**. (Dkt. No. 67 at 22:21-23:6.) Netlist explicitly disclaims that the Patents are standard essential. Micron, to the extent that it claims the Asserted Patents are standard essential, failed to meet its burden in showing that either party's expert performed an analysis necessary to sustain such a claim. Accordingly, the Court found that the Asserted Patents are not standard essential. (*Id.* at 23:4-6.)

2. **Motion for Summary Judgment Dismissing Micron's Affirmative Defense of Breach of RAND Obligation or in the Alternative for Severance (Dkt. No. 340)**

    The motion was **GRANTED**. (*Id.* at 23:7-14.) The Court found this motion rises and falls with Netlist's Motion for Summary Judgment that the Asserted Patents are Not Standard Essential (Dkt. No. 362). In keeping with the Court's ruling on Dkt. No. 362, the Court found that this motion should be granted. (*Id.*)

3. **Motion for Summary Judgment of Noninfringement of U.S. Patent Nos. 7,619,912 and 11,093,417 (Dkt. No. 345)**

    The motion was **DENIED**. With respect to Micron's first ground for summary judgment, the Court found that Netlist had at least raised a fact question as to whether an RCD in a dual rank memory module can operate in Encoded Quad CS Mode. (*Id.* at 38:13-22.) With respect to the second ground raised by Micron, the Court found Netlist's infringement read relying on the JEDEC standard was not improper as a matter of law. (*Id.* at 38:23-39:3.)

4. **Motion for Summary Judgment of Lack of Written Description of US Patent No. 11,093,417 (Dkt. No. 370)**

    The motion was **DENIED**. The Court found that there was a fact issue that precluded summary judgment. (*Id.* at 70:22-24.) The Court disagreed that Dr. Mangione-Smith's written description opinions were based on an untenable application of the Court's claim construction of

the term "Overall CAS Latency." (*Id.*) Given the existence of conflicting expert opinion with regards to the sufficiency of the written description for the "Overall CAS Latency" for write commands the Court found that there was at least a fact issue, which would preclude summary judgment. (*Id.*)

5.      **Motion to Strike Expert Report of Dr. Mangione-Smith (Dkt. No. 369)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. First, the Court **GRANTED** the motion with respect to Dr. Mangione-Smith's PDA-independent Maximum Power Savings Mode theory and struck the relevant portions of ¶¶ 54-55, 10 of Exhibit B to Dr. Mangione-Smith's Opening Report, and ¶ 27 of Exhibit I to Dr. Mangione-Smith's Opening Report. (*Id.* at 50:24-52:15.) The Court found that the opinions described therein contained theories not disclosed in infringement contentions. (*Id.*)

Second, the Court **DENIED** the motion with respect to Dr. Mangione-Smith's opinions regarding the technical comparability of the licenses. (*Id.* at 52:24-52:2.)

Third, the Court **DENIED** the motion with respect to Dr. Mangione-Smith's written description opinions and his application of the Court's claim construction with respect to the term "Overall CAS Latency." (*Id.* at 70:12-71:3.) The Court construed the term "Overall CAS Latency" to mean "the delay between (1) the time when a command is executed by the Memory Module, and (2) the time when data is made available to or from the Memory Module." In his rebuttal expert report, Dr. Mangione-Smith opines that a POSITA would understand the delay for a write command to be measured between the execution of the command and "the time when the data is available *from* the memory module (*e.g.*, data buffer) to the memory device." (Mangione-Smith Rebuttal Report, Ex. B ¶ 87.) In other words, for the Overall CAS Latency of a write command Dr. Mangione-Smith does not measure the time when the data is made available *to* the memory module (i.e., when the data is presented to the data pins—as Micron measures it), but rather he

3

measures the moment when data is made available *from* the memory module (i.e., when the data leaves the data buffer and is being presented to the memory device *from* the memory module). The Court finds that this ultimately is a dispute of the correct application of the phrase "***to or from*** the Memory Module" in the Court's claim construction. To the extent that Micron disagrees with the reasonableness of Dr. Mangione-Smith's interpretation, Micron is free to take that issue up on cross-examination, but the Court finds that Dr. Mangione-Smith's application of the Court's claim construction is not *per se* improper. The Court will "permit the experts to present competing testimony to the jury about the plain and ordinary meaning" of the phrase "to or from the Memory Module." (Dkt. No. 67 at 70:17-71:3.)

6. **Motion to Strike Certain Opinions of Micron Defendants' Expert Dr. Harold Stone (Dkt. No. 364)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id.* at 92:23-95:12.) The Court **GRANTED** the motion with respect to (1) Dr. Stone's essentiality opinions (Stone Rebuttal, ¶¶ 397-405), (2) Dr. Stone's opinions concerning the legal standard for Direct Infringement (Stone Rebuttal, ¶ 69), (3) Dr. Stone's SSPPU Theory (Stone Rebuttal, ¶¶ 368-372), (4) Dr. Stone's Derivation Opinions (Stone Opening, ¶¶ 157-161), and (5) Dr. Stone's Prior Invention Opinions (Stone Opening, ¶¶ 162-168). (*Id.*) The Court **DENIED** the motion on all other grounds. (*Id.*)

7. **Daubert Motion and Motion to Strike Expert Testimony of Mr. David Kennedy (Dkt. No. 360.)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id.* at 143:5-144:12.) The Court **GRANTED** the motion with respect to (1) ¶¶ 364–372, 688–696 of Mr. Kennedy's opening report as discussing the *Samsung I* (Case No. 2:21-cv-463) jury verdict; (2) ¶¶ 49–52, 54–63, 593–594 of Mr. Kennedy's opening report as discussing issues irrelevant to Mr. Kennedy's expertise; and (3) ¶¶ 16, 31–57, 103, 106, 134, 177 of Mr. Kennedy's rebuttal report as irrelevant

4

since they pertain to Micron's antitrust counterclaims that have been dismissed. (*Id.*) The Court **DENIED** the motion on the remaining grounds. (*Id.*)

**8.**     **Motion to Strike Opinions of Dr. Lynde (Dkt. No. 354)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id.* at 171:6-174:1.) The Court struck ¶¶ 118 (last two sentences), 130 (last sentence), 131 (last sentence), 133, 218 (first sentence), and 224 of Dr. Lynde's Rebuttal Report and ¶¶ 56 (last sentence) and 76-81 of Dr. Lynde's Opening Report, as containing legal opinions of contract interpretation. The Court struck ¶¶ 68-73, 76-81 of Dr. Lynde's Opening Report as irrelevant for pertaining to Micron's dismissed antitrust counterclaim. The Court struck ¶¶ 10 (second, third, and last sentences), 33-34, 37-39, 45, 47-51, 52 (third bullet point), 98-106, 199 (second and third sentences), 206 (third and fourth sentences), 207, 235-239, and 242-246 of Dr. Lynde's Rebuttal Report and ¶¶ 18-20, 30 (last sentence), 31 (last sentence), 36-48, 64, 74, 76-81, 82-87, 90, and 92 of Dr. Lynde's Opening Report as pertaining to irrelevant RAND issues. The Court struck ¶ 75 as irrelevant in light of the Court finding that the patents are not standard essential. The Court struck ¶¶ 42-51, 101, 106, 207, and 244 of Dr. Lynde's Rebuttal Report and ¶¶ 17, 20, 31, 36, 39-43, and 44-48 of Dr. Lynde's Opening Report as being irrelevant in light of the Court's finding that the Asserted Patents are not standard essential. The motion was **DENIED** on all other grounds.

**9.**     **Daubert and Motion Strike Expert Testimony of Peter Gillingham (Dkt. No. 368)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id.* at 195:7-196:17.) The parties resolved their dispute as to the redacted portions of Mr. Gillingham's report. (*Id.*) The Court struck ¶¶ 69, 120-122, and 160 as unopposed by Netlist that these portions pertain solely to the former consolidated *Samsung II* case (Case No. 2:22-cv-293) and are irrelevant. (*Id.*) The Court **DENIED** the motion on the remaining grounds. (*Id.*)

5

10. **Motion to Strike Opinions of John B. Halbert (Dkt. No. 358)**

The motion was **DENIED**. (*Id.* at 185:24-186:15.) The Court found that there were several issues that overlapped with the Court's standard *limine* order and explained that such is not a basis for striking expert testimony. (*Id.*) On the remaining grounds, the Court found that Netlist had not raised sufficient bases for striking Mr. Halbert's Report. (*Id.*)

11. **Motion for Summary Judgment on Micron's Affirmative Defenses (Dkt. No. 366)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id.* at 112:17-114:1.) The parties represented that Micron's affirmative defense of Prosecution History Estoppel, Waiver and Estoppel, Statute of Limitations, § 1498, Inequitable Conduct, and Unclean Hands are **WITHDRAWN**. (*Id.*)

The Court **GRANTED** the motion with respect to Micron's laches defense. Micron did not dispute that any laches defense with respect to the '912 Patent had been abandoned or dropped, and the Court found that Micron failed to timely disclose its theories of laches as related to the '417 Patent. (*Id.*)

The Court **DENIED** the motion with respect to Micron license since there is a genuine dispute as to whether Micron sells third-party memory modules that have been licensed from Netlist. (*Id.*)

12. **Motion for Summary Judgment on Pre-Suit Damages (Dkt. No. 367)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (*Id.* at 127:18-128:3.) The Court found that there was no genuine dispute of fact that prior to April 28, 2021 Netlist failed to provide notice for infringement of the '912 Patent. (*Id.*) There is also a dispute of fact as to whether Netlist's April 28, 2021 notice of infringement letter sufficiently notified Micron of the '417 Patent by noticing "continuations" of patents in the '417 Patent family. (*Id.*) Accordingly, the

6

Court found that April 28, 2021 is the earliest date for pre-suit notice of infringement for both the '912 and '417 Patents.

13.  **Motion to Consolidate (Dkt. No. 607)**

The motion was **DENIED**. Based on the parties' arguments in the briefing, the Court concludes that the primary reason Netlist seeks consolidation is not for efficiency, but rather to lift the stay on *Micron I* (Case No. 2:22-cv-203). Such is not an appropriate reason for consolidation. The Court finds that consolidation is not warranted in this case.

14.  **Motion for Leave to Supplement Expert Reports (Netlist) (Dkt. No. 608) and Motion for Leave to Supplement Expert Reports (Micron) (Dkt. No. 40, Case No. 2:22-cv-294)**

The motions were **GRANTED**. (*Id.* at 196:24-198:3.) The Court finds that the supplemental reports may correct factual errors, errors in analytical frameworks, address new facts, and address the claim construction order. These are all valid reasons to supplement. However, new theories (either offensive or defensive) are not proper for supplementation herein.

15.  **Motion to Compel Deposition Transcript from Lead Case (Dkt. No. 660)**

The motion was **DENIED**. (*Id.* at 198:4-6.) The parties agreed to a "Samsung-only" deposition in Case No. 2:22-cv-293. The Court finds no compelling reason why Micron is entitled to production of this transcript.

## MOTIONS *IN LIMINE*

Further to the Court's Standing Order on Motions *In Limine* issued August 11, 2023, it is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.    PLAINTIFF'S MOTIONS *IN LIMINE* (Dkt. No. 610)**

Plaintiff's MIL 1    **Preclude Micron from Presenting any Evidence or Argument that SK Hynix's Supply Obligation to Netlist is Not Legally Binding on SK Hynix.**

The MIL was **GRANTED** as unopposed. (Dkt. No. 68 at 5:20-22.)

Plaintiff's MIL 2    **Preclude Micron from Presenting any Allegation that Netlist Has Failed to Comply with JEDEC Obligations**

The MIL was **GRANTED** as unopposed. (*Id*.)

Plaintiff's MIL 3    **Preclude Micron from Presenting Evidence, Argument, or Testimony that Practicing a Standard is a Defense to Infringement or Willfulness**

The MIL was **GRANTED**. (*Id.* at 10:18-11:13.) The Court will be a gatekeeper with respect to the presentation of evidence of Micron practicing the standard.

Plaintiff's MIL 4    **Preclude Micron from Presenting Testimony on Non-infringement or Claim Terms from Fact Witnesses**

The MIL was **DENIED**. (*Id.* at 12:16-22.) The Court found that the *limine* sought was overbroad and would even preclude Micron's corporate representatives from testifying as to Micron's position that the products do not infringe. (*Id.*) The Court found no compelling reason for such a broad request. (*Id.*) Impeachment is an adequate remedy for Plaintiff's concerns.

Plaintiff's MIL 5      **Preclude Micron from Presenting Evidence, Argument, or Testimony that Micron Allegedly Disables Encoded QuadCS Mode**

The MIL was **DENIED**. (*Id.* at 16:7-17:6.) With respect to the expert witnesses, the Court found that this was an issue that should have been lodged as a *Daubert* Motion, and with respect to fact witnesses this can be addressed through cross-examination.

II.      **DEFENDANT'S MOTIONS *IN LIMINE* (Dkt. No. 613)**

Defendant's MIL 1      **No Argument or Evidence Regarding Netlist's February 2011, February 2015, or April 2015 Slide Decks Unless a Witness with Personal Knowledge Testifies That Presentations Were Provided To Micron Pursuant to Fed. R. Evid. 104(b)**

The MIL was **DENIED** based on Netlist's representation that the sponsoring witnesses for the exhibits at issue, Scott Milton and Noel Whitley, will testify at trial to lay the foundation for the relevance of the exhibits at issue. (*Id.* at 39:3-40:14.)

Defendant's MIL 2      **No Argument or Evidence Regarding the Samsung Trial or Verdict, or Comparison to Samsung and SK Hynix Products**

The MIL was **GRANTED-IN-PART** as agreed by the parties with respect to the *Samsung I* Trial or Verdict. (*Id.* at 40:22-1.) Concerning the Samsung and SK Hynix Products, the MIL was **DENIED-IN-PART** as being already covered by the standing MILs ordered by the Court. (*Id.* at 46:9-13.)

Defendant's MIL 3      **No Argument or Evidence Regarding Netlist's "Distributed [Data] Buffer" Architecture**

The MIL was **DENIED**. (*Id.* at 57:9-58:14.) The Court explained that it will not permit a product-to-product comparison. (*Id.*) The Court found that there was no adequate basis to wholly exclude the presentation of argument and evidence regarding Netlist's "Distributed [Data] Buffer" architecture, but the Court carried the issue of whether any limiting instruction would be appropriate if Netlist chooses to present such evidence.

9

<u>Defendant's MIL 4</u>   **No Argument or Evidence Suggesting a Party's Corporate Representative at Trial is Obligated to Prepare on Any Particular Topic or is Charged with Knowledge of Others Within the Company**

The MIL was **GRANTED**. (*Id.* at 61:24-62:15.) The Court held that counsel must seek leave prior to questioning any 30(b)(6) witness about topics that are not within that witness' designated topics.

<u>Defendant's MIL 5</u>   **No Infringement Claim or Damages Analysis for any Model of the Accused Products Not Specifically Analyzed for Infringement in Dr. Mangione-Smith's Infringement Report, if the Court grants Netlist's Motion for Summary Judgement on Standard Essentiality (Dkt. 362.)**

The MIL was **DENIED**. (*Id.* at 63:13-65:1.) The Court held that the Court's existing standing MILs and the Rules of Civil Procedure all apply without the need for any additional *limine* order, and all expert witnesses will be confined in their testimony to the four corners of their reports. (*Id.*)

## EXHIBIT DISPUTES

The Court ruled on Netlist and Micron's objections to the Parties' respective exhibit lists. (*Id.* at 66:19-110:7.) In light of the Court's rulings, the exhibit lists filed in conjunction with the Joint Pretrial Order are now out of date. Accordingly, the Parties are **ORDERED** to file updated exhibit lists within ten (10) days from the issuance of this order.

**So ORDERED and SIGNED this 14th day of March, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE