IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:22-CV-00294-JRG |
| | § | |
| MICRON TECHNOLOGY, INC., *et al.* | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff Netlist, Inc.'s ("Netlist") Motion for Leave to File Motion to Strike (the "Motion for Leave") and its Motion to Strike Portions of Second Supplemental Report of Dr. Matthew Lynde (the "Motion to Strike"). (Dkt. Nos. 79 and 80.) In the motions, Netlist requests that the Court strike "new theories, assertions, and opinions that did not appear in [Dr. Lynde's] original report." (Dkt. No. 79 at 1.) Although the Parties have not yet filed a reply or sur-reply, "[t]he Court need not wait for the reply or sur-reply before ruling on the Motion." L.R. CV-7(f). Having considered the Motion for Leave, the Motion to Strike, and the subsequent briefing, the Court finds that both motions should be and hereby are **DENIED**.

Dr. Matthew Lynde is Micron's damages expert and the rebuttal expert to Netlist's damages expert, Mr. David Kennedy. Dr. Lynde's original expert report assumed that the Asserted Patents in this case were standard essential and that they were encumbered by a RAND obligation. These assumptions affected Dr. Lynde's *Georgia-Pacific* analysis of damages.

At the pretrial conference held on March 6, 2024, the Court found that the Asserted Patents are not standard essential, contrary to Dr. Lynde's assumptions. (Dkt. No. 73 at 2.)

Accordingly, the Court granted Netlist's motion to strike portions of Dr. Lynde's report that assumed the patents were standard essential and encumbered by a RAND obligation. (*Id*. at 5.) However, the Court indicated that it would likely be necessary for Dr. Lynde to provide a supplemental report filling in the resultant gaps in his analysis:

> [I]t's obvious that the report was drafted before the Court took up the pretrial matters today and found that the patents were not standard essential. Whether there's going to be a request to supplement this report based on the Court's pretrial ruling, . . . I haven't been presented with that, but in light of what you're showing me, I wouldn't be shocked if I don't get that request.
>
> I'll say this: I'm not particularly comfortable taking a meat cleaver and saying all of this is completely out. There may be portions of it that are still not tainted by the RAND analysis that could be presented, probably not enough and probably I am going to get a request to supplement the opinion to fix that.

(Dkt. No. 67 at 147:20-148:7.)

Later in the pretrial conference, the Court considered Micron's then-pending motion to supplement Dr. Lynde's report on unrelated issues. (Dkt. No. 73 at 7.) In granting that motion, the Court also *sua sponte* granted Micron leave to file a supplemental report to correct the analysis concerning RAND that had been struck:

> I'm going to grant the motion to supplement Doctor Lynde's report as it's presented. And without going to the trouble to have Micron formally amend its motion to supplement Doctor Lynde's report, I'm just going to *sua sponte* expand that motion to allow Micron to supplement Doctor Lynde's report for the purpose of removing from his reports those references to the RAND concept and other concepts related to a position of patent essentiality which are contrary to the Court's ruling.

(Dkt. No. 67 at 197:7-15.)

The Court cautioned that it would not permit Dr. Lynde to supplement the report with new theories, and it reiterated that it would only allow a supplement targeted towards cleaning up and correcting the portions that had been tainted by Dr. Lynde's RAND assumptions:

> And I want to make it abundantly clear that the granting of these motions to supplement is not intended to open the door to any new theories or assertions or

2

opinions. It's merely meant as an opportunity late in the case to do necessary clean-up and correction. And I want it understood that I am not anticipating and I am not going to permit a reopening of issues or a coming forward with something new or unpresented heretofore.

(*Id.* at 197:16-23.)

Micron served Dr. Lynde's second supplemental report on Netlist on March 22, 2024. (Dkt. No. 80 at 1.) Netlist now moves to strike this supplemental report for allegedly violating the Court's instructions. (*Id.*) Specifically, Netlist moves to strike Dr. Lynde's opinions regarding *Georgia-Pacific* Factors 3, 4, 5, 8, 9, 10, and 11. (*Id.* at 2-14.) Netlist contends that Dr. Lynde goes beyond merely deleting the unusable RAND analysis from these factors, and instead offers new theories and conclusions.

For example, in Dr. Lynde's original report, he opined that *Georgia-Pacific* Factor 4[1] was not applicable in light of his assumptions that the patents were standard essential:

> This factor is not applicable to the determination of a RAND royalty because a party who has made a RAND commitment demonstrates that it has no established policy to maintain a patent monopoly with respect to the SEPs that it has agreed to license on RAND terms.

(Dkt. No. 80-4 at ¶ 237.)

In Dr. Lynde's supplemental report, this analysis is deleted and replaced by new analysis that concludes no adjustment is necessary for this factor:

> No adjustment is necessary[.] . . . Netlist has licensed the Patents-in-Suit to two of Micron's direct competitors, Samsung and SK Hynix. In both cases, the license that Netlist Granted was paid-up, worldwide, non-exclusive, non-transferable, and non-sublicensable, as explained in Section V.A. The license that emerges from the hypothetical negotiation would reflect the same terms.

---

[1] "The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly." *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971).

(Dkt. No. 80-3 at ¶ 204.) According to Netlist, this new analysis violates the Court's instructions that the supplement should not include "any new theories or assertions or opinions." (Dkt. No. 80 at 2-14.)

Micron contends that the supplement does not violate the Court's directive, but rather only takes corrective action authorized by the Court. (Dkt. No. 80.) Micron notes that the Court did not simply grant leave for Micron to serve a new report with the RAND analysis deleted, but for Dr. Lynde to perform "necessary clean-up and *correction*." (*Id.* at 5) (citing Dkt. No. 67 at 197:20.) Micron argues that the new analysis should not be struck because Dr. Lynde opines that no adjustment of the royalty is necessary for any of the factors at issue. (*Id.* at 4.) Further, Micron argues that Dr. Lynde's supplemental report agrees with Netlist's expert, Mr. Kennedy, that these factors do not require additional adjustment to the royalty. (*Id.*)

The Court agrees with Micron that Dr. Lynde's supplemental report does not violate the Court's instructions. The Court did not merely authorize Micron to delete portions of Dr. Lynde's report that contain opinions related to RAND, but to also "correct" such portions. Had the Court intended for Micron to delete these portions and add no new material, it would have simply struck these portions and taken no other action. However, the Court expressed a concern that if it did so, there would likely not be enough analysis left (Dkt. No. 67 at 147:20-148:7), and the Court *sua sponte* granted Micron leave to supplement its expert report for both "clean-up" and "correction." (*Id.* at 197:20.)

The Court's instructions warned Micron to not step beyond the bounds of new analysis and new evidence to present new *theories* and new *conclusions*. The corrected portions of Dr. Lynde's supplemental report involve analysis of evidence not previously found under the sections at issue of Dr. Lynde's original report. However, this new analysis does not affect Dr.

4

Lynde's conclusions as to the appropriate reasonable royalty nor does it alter his damages theory. Having compared Dr. Lynde's second supplemental report with the opinions in his original report, the Court does not find that Dr. Lynde violated the Court's directive to take only corrective action and avoid injecting new conclusions and theories into the case. Accordingly, the Court finds that Dr. Lynde's second supplemental report should not be struck.

For the foregoing reasons, the Court finds that Netlist's Motion for Leave (Dkt. No. 79) and Motion to Strike (Dkt. No. 80) should be and hereby are **DENIED**.

**So ORDERED and SIGNED this 18th day of April, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE