# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NETLIST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICRON TECHNOLOGY, INC.; MICRON SEMICONDUCTOR PRODUCTS, INC.; MICRON TECHNOLOGY TEXAS LLC, <br><br> Defendants. | Case No. 2:22-cv-294-JRG <br><br> JURY TRIAL DEMANDED |

## MICRON DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

## TABLE OF CONTENTS

     **Page**

I.    INTRODUCTION ................................................................................................................. 1

II.   FACTUAL BACKGROUND .................................................................................................. 1

III.  ARGUMENT .......................................................................................................................... 3

IV.  CONCLUSION ...................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applied Med. Res. Corp. v. U.S. Surgical Corp.*,
 435 F.3d 1356 (Fed. Cir. 2006)...................................................................................................3

*Ayati-Ghaffari v. Dimon*,
 No. 4:19-CV-00533, 2020 WL 2478541 (E.D. Tex. Jan. 13, 2020), *report and recommendation adopted*, No. 4:19-CV-533, 2020 WL 1074301 (E.D. Tex. Mar. 6, 2020)..........................................................................................................................4

*Fractus, S.A. v. TCL Corp.*,
 No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) .................................4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
 136 S. Ct. 1923 (2016)..............................................................................................................4

*Lone Star Tech. Innovations, LLC v. Asustek Comput. Inc.*,
 Case No. 6:19-CV-00059, 2022 WL 21714403 (E.D. Tex. June 23, 2022).............................3

*Netlist, Inc. v. Micron Technology, Inc. et al.*,
 Case No. 6:21-cv-00430 ............................................................................................................3

*Netlist, Inc. v. Micron Technology, Inc. et al.*,
 Case No. 6:21-cv-00431 ............................................................................................................2

*Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*,
 760 F. App'x 977 (Fed. Cir. 2018) ............................................................................................3

**Other Authorities**

Fed. R. Evid. 201(b)...................................................................................................................3, 4

Fed. R. Evid. 201(d).......................................................................................................................5

I.      INTRODUCTION

Micron requests that the Court take judicial notice that Netlist brought two patent infringement actions against Micron on April 28, 2021. Netlist's counsel and witnesses made numerous misleading statements in its case-in-chief inferring that Micron disregarded and ignored Netlist's April 28, 2021 letter (PX-026) to Micron that purportedly provided "final notice of infringement" of the asserted patents. Netlist's counsel implied that Micron merely sat on the letter and responded with a meager "[w]e'll be in touch," but that Netlist was compelled to bring this lawsuit after a year of silence and inaction from Micron. Netlist used this purported silence throughout its case-in-chief to infer Micron's culpable state of mind to bolster its willful infringement case.

However, Netlist intentionally omitted throughout its case that Netlist filed two lawsuits against Micron *on the same exact day* as it sent the April 28, 2021 letter. At Netlist's doing, the parties *immediately* began litigating its infringement allegations the same day that Netlist sent the April 28, 2021 letter. Netlist should not be allowed to use the April 28, 2021 letter as a sword in its willful infringement damages case but hide behind this Court's MIL No. 13 preventing discussion of parallel proceedings. Netlist took advantage of Micron's hands being tied behind its back.

The Court should take judicial notice that Netlist filed two patent infringement actions against Micron on the same day as its April 28, 2021 letter for the purposes of Micron defending against Netlist's willful infringement allegations.

II.     FACTUAL BACKGROUND

In Netlist's case-in-chief, Netlist's counsel and witnesses (including Scott Milton) repeatedly stated that Netlist provided notice of infringement of the asserted patents to Micron in an April 28, 2021 letter, but that Micron disregarded the letter and merely sat on it.

1

For example, Netlist's counsel stated the following during its opening statement:

- Mr. SHEASBY: "This is the timeline. In 2011 were our presentations to JEDEC. In 2015 was our presentation to Micron. Both times they are aware of our patents. In 2021 we sent them a letter and then we waited a year hoping that they would do the right thing. They chose not to. And now they must face the legal consequences of their behavior." Ex. 1 (Trial Tr. Vol. 1) at 176.

- MR. SHEASBY: "Micron's next argument: We are shocked that this lawsuit was being brought. 2011, they were aware of our patents. 2015, we made a presentation to them. April 2021, we gave them a final notice of infringement. They wrote us a letter and said, We'll be in touch. And a year later we were required to file this suit because Micron chose not to comply with the law." *Id.* at 178.

Likewise, Netlist's corporate representative Scott Milton stated the following during examination from Netlist's counsel:

- "Q. What does PX 26 reflect? A. So PX 26 is a letter that we sent to Micron's CEO, and in that letter we discuss the fact that we believe that the RDIMM and LRDIMMs of Micron's were infringing our Netlist patents . . . . Q. And what patents were identified for Micron? A. So in Exhibit A, which is part of PX 26, that letter we sent, we identified the '912 along with the '274 and the '574, which, again, are the parent -- grandparent and parent of the '417 . . . . Q. Did Micron respond to Netlist's letter? A. Yes, they did. Q. What does DX 2 reflect? A. So DX 2 is a response to the letter. Q. This was from May 20, 2021. When was the lawsuit filed in this matter? A. I believe it was like over a year after that. Q. Based on your review of the correspondence, was there ever a point in time where Micron wrote back as to these two patents and said, We do it differently? A. Not to my knowledge." *Id.* at 220-22.

- "Q. This is a letter that was written back in June of 2021, which is a few months after Netlist gave final notice. Correct? A. That's correct. Q. Is there any portion of this letter that disputes infringement of the patents-in-suit in this case? And I'll turn the other side so you can see the other side. A. I don't see anything that disputes infringement. Q. In your records, did you see any evidence in which Micron said, quote, We don't agree we infringe? A. I have not seen that." *Id.* at 267-68.

The same day that Netlist sent its April 28, 2021 letter to Micron, Netlist brought two cases against Micron—the WDTX cases. Their complaints directly reference the April 28, 2021 letter. *Netlist, Inc. v. Micron Technology, Inc. et al.*, Case No. 6:21-cv-00431, Dkt. 1 at ¶ 27 ("Netlist contacted Defendants by letter dated April 28, 2021 and notified them of their infringement of the Asserted Patents and offered Defendants a license for their RDIMM and LRDIMM products . . . .

By service of this Complaint, the Defendants either refused to negotiate in good faith in response to Netlist's RAND offer, and/or have refused to pay for a license to the Asserted Patents."); *see also Netlist, Inc. v. Micron Technology, Inc. et al.*, Case No. 6:21-cv-00430, Dkt. 1 at ¶ 28.

## III.  ARGUMENT

The Court should take judicial notice of Netlist's WDTX cases against Micron because evidence of these cases is necessary for Micron to defend itself against Netlist's willful infringement allegations and misleading statements.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Although this Court's Standing MIL No. 13 generally prevents evidence, testimony, and argument of a party's other litigations,[1] courts have allowed such evidence for the purpose of defending against allegations of willful infringement. *Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, 760 F. App'x 977, 980-81 (Fed. Cir. 2018) (affirming district court's admission of evidence from prior litigation for purposes of willful infringement, explaining that "[w]hile such evidence can be prejudicial and must be treated with great care, it is admissible if it is relevant to a material issue in the case and its use is limited to the purpose for which it is relevant"); *Applied Med. Res. Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1365-66 (Fed. Cir. 2006) (affirming district court's admission of evidence of other litigation because it "was relevant to the jury's willfulness determination" and "clearly relevant to [defendant's] state of mind"); *Lone Star Tech. Innovations, LLC v. Asustek Comput. Inc.*, Case No. 6:19-CV-00059-RWS, 2022 WL 21714403, at *2 (E.D.

---

[1] Court MIL No. 13: "The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings."

Tex. June 23, 2022) (admitting certain evidence from prior litigation "for purposes of arguing post-verdict willfulness").

Here, Netlist's WDTX cases against Micron are facts that are not the subject of reasonable dispute. These records can easily and reliably be verified by this court, satisfying the test under the Federal Rules. Fed. R. Evid. 201(b).[2] Further, existence of the WDTX cases is highly probative as they speak directly to Micron's state of mind as it pertains to willfulness. *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021) ("Willfulness is a matter of culpability and state of mind, and the degree of culpability required has been described as 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate'") (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016)). Any claim of undue prejudice is mitigated by the narrow purposes that Micron requests this information for—to address Netlist's willful infringement claims—and the limited information about these proceedings that Micron requests be judicially noticed.

Judicial notice of the WDTX cases is also required to rebut Netlist's repeated assertions that Micron blatantly ignored and sat on Netlist's April 28, 2021 letter for a year. *See, e.g.*, Ex. 1 (Trial Tr. Vol. 1) at 176. (MR. SHEASBY: "In 2021 we sent them a letter and ***then we waited a year hoping that they would do the right thing. They chose not to.*** And now they must face the legal consequences of their behavior.") (emphasis added); *id.* at 178 ("April 2021, we gave them a final notice of infringement. ***They wrote us a letter and said, We'll be in touch. And a year later***

---

[2] *Ayati-Ghaffari v. Dimon*, No. 4:19-CV-00533, 2020 WL 2478541, at n.6 (E.D. Tex. Jan. 13, 2020), *report and recommendation adopted*, No. 4:19-CV-533, 2020 WL 1074301 (E.D. Tex. Mar. 6, 2020) (taking "judicial notice of the prior suits . . . [because t]he prior proceedings at issue [before the Court] are capable of accurate and ready determination by reference to the record of the case available for public viewing in the Court's CM/ECF or PACER docketing system, and the public record of filings in those cases cannot reasonably be challenged") (internal quotation marks omitted).

4

***we were required to file this suit*** because Micron chose not to comply with the law.") (emphasis added). In reality, Netlist filed its WDTX cases the exact same day as sending its letter, forcing litigation immediately between the parties. The WDTX cases directly affected how Micron interpreted the April 28, 2021 letter and Micron's subsequent response. It cuts straight to Micron's state of mind and Netlist's willful infringement allegations. Further, there is no impediment to taking judicial notice because of the stage of the proceeding. *See* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceeding.").

The Court should reject Netlist's improper use of the April 28, 2021 letter as a sword in its willful infringement damages case and attempt to hide behind this Court's MIL No. 13 preventing discussion of parallel proceedings.

### IV.     CONCLUSION

For the foregoing reasons, Micron respectfully requests that this Court take judicial notice that Netlist filed two patent infringement actions against Micron on the same day as its April 28, 2021 letter.

Dated: May 21, 2024

Respectfully submitted,

*/s/ Michael R. Rueckheim*
Thomas M. Melsheimer
State Bar No. 13922550
TMelsheimer@winston.com
Natalie Arbaugh
State Bar No. 24033378
NArbaugh@winston.com
Rex Mann
State Bar No. 24075509
RMann@winston.com
Trace L. Rice (pro hac vice)
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201

Telephone: (214) 453 6500
Facsimile: (214) 453 6400

David P. Enzminger (pro hac vice)
denzminger@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael R. Rueckheim
State Bar No. 24081129
MRueckheim@winston.com
Ryuk Park (pro hac vice)
RPark@winston.com
Matthew R. McCullough
MRMcCullough@winston.com
WINSTON & STRAWN LLP
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
Telephone: (650) 858 6500
Facsimile: (650) 858 6559

Aldo A. Badini
abadini@winston.com
WINSTON & STRAWN LLP
200 Park Ave., Floor Ave., Flr. 43
New York, NY 10166-4193
Telephone: (212) 294-4601
Facsimile: (212) 294-4700

Brian J. Nisbet
Maureen L. Rurka
bnisbet@winston.com
mrurka@winston.com
WINSTON & STRAWN LLP
5 West Wacker Drive, Ste. 4200
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 5585700

Matthew Hopkins (pro hac vice)
State Bar No. 1500598
mhopkins@winston.com
WINSTON & STRAWN LLP

6

1901 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 282 5000
Facsimile: (202) 282 5100

William M. Logan
State Bar No. 24106214
wlogan@winston.com
Juan C. Yaquian (pro hac vice)
State Bar No. 24110559
JYaquian@winston.com
WINSTON & STRAWN LLP
800 Capital Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651 2600
Facsimile: (713) 651 2700

Wesley Hill
State Bar No. 24032294
wh@wsfirm.com
Andrea Fair
State Bar No. 24078488
andrea@wsfirm.com
Charles Everingham IV
State Bar No. 00787447
ce@wsfirm.com
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR DEFENDANTS MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., MICRON TECHNOLOGY TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Netlist Inc.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 21, 2024, Micron and Netlist met and conferred regarding this request for judicial notice. Netlist's counsel opposes Micron's request.

*/s/ Michael R. Rueckheim*
Michael R. Rueckheim
