IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:22-CV-00294-JRG |
| | § | |
| MICRON TECHNOLOGY, INC., *et al.* | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## **FINAL JUDGMENT**

A jury trial commenced in this case on May 20, 2024.  On May 23, 2024, the jury returned a unanimous verdict (Dkt. No. 135) finding that Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas LLC (collectively, "Micron") infringed at least one claim of each patent asserted by Netlist, Inc. ("Netlist"), such claims being Claim 16 of U.S. Patent No. 7,619,912 (the "'912 Patent") and Claims 1, 2, 8, 11, 12, 13, and 14 of U.S. Patent No. 11,093,417 (the "'417 Patent") (collectively, the "Asserted Claims"); that such infringement was willful; and that Netlist should recover from Micron $425,000,000.00 for infringement of the '912 Patent and $20,000,000.00 for infringement of the '417 Patent through the date of trial.

In Micron's notices concerning its invalidity and equitable defenses (Dkt. Nos. 106 and 123), Micron has stipulated that it is no longer pursuing any of its previously raised invalidity and equitable defenses. In light of these stipulations and the jury's verdict, the Court finds that a Final Judgment in the case should be and hereby is entered based on the jury's verdict.

On May 30, 2024, Netlist filed an opposed Motion Requesting Entry of Final Judgment. (Dkt. No. 142.) Micron opposes the entry of Final Judgment. (Dkt. No. 147.) Micron argues that Netlist's motion is premature and unwarranted because Netlist did not include a proposed form of judgement in a separate document. (*Id.*) Further, Micron notes that the IPR of the '417 Patent is still pending with the PTAB's decision expected in August 2024. (*Id.*) Micron argues that the Court should wait to enter judgment until the PTAB's decision issues so that the "full record" may be presented to the Federal Circuit all at the same time. (*Id.*) Further, Micron argues that Netlist is not entitled to prejudgment interest because Netlist did not propose any form of judgment and because Netlist exhibited undue delay in bringing its infringement suit. (*Id.* at 6-12.) The Court finds that none of these are an appropriate basis to withhold entry of final judgment. The Motion Requesting Entry of Final Judgment (Dkt. No. 142) is **GRANTED** hereby.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury's unanimous verdict, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Micron has infringed Claim 16 of the '912 Patent;
2. Micron has infringed one or more of Claims 1, 2, 8, 11, 12, 13, and 14 of the '417 Patent;
3. Micron has willfully infringed Claim 16 of the '912 Patent;
4. Micron has willfully infringed one or more of Claims 1, 2, 8, 11, 12, 13, and 14 of the '417 Patent;
5. Netlist is hereby awarded damages from and against Micron and shall accordingly have and recover from Micron the sum of $425,000,000.00 U.S. Dollars in the form of a running royalty for Micron's infringement of the '912 Patent;

6. Netlist is hereby awarded damages from and against Micron and shall accordingly have and recover from Micron the sum of $20,000,000.00 U.S. Dollars in the form of a running royalty for Micron's infringement of the '417 Patent;

7. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Netlist is the prevailing party in this case and shall recover its costs from Micron, and Netlist is directed to file its proposed Bill of Costs;

8. Notwithstanding the jury's finding of willfulness, the Court having considered the totality of the circumstances together with the material benefit of having presided throughout the jury trial and having seen the same evidence and heard the same arguments as the jury, and mindful that enhancement is generally reserved for "egregious cases of culpable behavior,"[1] concludes that enhancement of the compensatory award herein is not warranted under 35 U.S.C. § 284 and consequently, the Court elects not to enhance the damages awarded herein;

9. Pursuant to 35 U.S.C. § 284 and Supreme Court guidance that "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award," the Court awards pre-judgment interest applicable to all sums awarded herein, calculated at the 5-year U.S. Treasury Bill rate, compounded quarterly, from the date of infringement through the date of entry of this Judgment;[2] and

10. Pursuant to 28 U.S.C. § 1961, the Court awards post-judgment interest applicable to all sums awarded herein, at the statutory rate, from the date of entry of this Judgment until paid.

---

[1] *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016).
[2] *See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800–801 (Fed. Cir. 1988). The Court finds Micron's arguments against an award of prejudgment interest unavailing. (*See* Dkt. No. 147.)

Any request for relief pursuant to 35 U.S.C. § 285 must be filed as a subsequent motion herein within 28 days of this Judgment. All other relief requested by either party which is now pending before the Court and not specifically awarded herein is **DENIED**.

**So ORDERED and SIGNED this 10th day of July, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE