IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NETLIST, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00294-JRG |
| | § | |
| MICRON TECHNOLOGY, INC., *et al.* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Renewed Motion for Judgment as a Matter of Law of No Willfulness of the Asserted Patents (the "Motion") filed by Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC. (collectively, "Micron" or "Defendants"). (Dkt. No. 157.) In the Motion, Micron moves for judgment as a matter of law of no willfulness pursuant to Rule 50 of the Federal Rules of Civil Procedure. (*Id.* at 1.)

In this case, Plaintiff Netlist, Inc. ("Plaintiff" or "Netlist") brought this action alleging that Micron infringes claim 16 of U.S. Patent No. 7,619,912 (the "'912 Patent") and claims 1, 2, 8, 11-14 of U.S. Patent No. 11,093,417 (the "'417 Patent") (collectively, the "Asserted Patents"). (Dkt. Nos. 1; 11; 100.) After the conclusion of the evidence, the jury returned a unanimous verdict finding in relevant part that Netlist proved by a preponderance of the evidence that Micron willfully infringed claim 16 of the '912 Patent and also willfully infringed at least one of the Asserted Claims of the '417 Patent. (Dkt. No. 135 at 6.)

Afterwards, the Court considered the totality of circumstances and concluded that enhancement of the compensatory award was not warranted under 35 U.S.C. § 284. (*See* Final Judgment, Dkt. No. 151 at 3.) Consequently, the Court elected not to enhance the damages awarded to Netlist. (*Id.*)

Micron, nevertheless, moves for judgment as a matter of law of no willfulness on the grounds that no legally sufficient evidence supports the jury's willfulness verdict. (Dkt. 157 at 1.)

The Court notes that a jury's finding of willfulness merely "opens the door" to the Court exercising its discretion to enhance damages. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 106 (2016) ("Section 284 allows district courts to punish the full range of culpable behavior. Yet none of this is to say that enhanced damages must follow a finding of egregious misconduct."); *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992) ("[A] finding of willful infringement does not mandate that damages be enhanced."). The Court finds that Micron has not explained why the Court should address this issue given the Court's election not to enhance damages. *See Sprint Communs. Co. L.P. v. Time Warner Cable, Inc.*, 255 F. Supp. 3d 1134, 1147 (D. Kan. 2017) ("Finally, Time Warner Cable moves for judgment as a matter of law with respect to the issue of willfulness, which the jury found in Sprint's favor. Time Warner Cable has not explained why the Court should address this issue, however, which has become moot in light of the Court's denial of Sprint's claim for enhanced damages."). Accordingly, having elected not to enhance the damages award, the Court finds that the Motion should be and is **DENIED AS MOOT**.[1]

---

[1] Substantial case law supports the Court's decision. *See VirnetX Inc. v. Apple Inc.*, No. 6:12-CV-00855-RWS, 2018 U.S. Dist. LEXIS 230877, at *51-52 (E.D. Tex. 2018) ("Because the Court declines to award enhanced damages, Apple's willfulness JMOL and new trial motions are moot."); *Presidio Components, Inc. v. American Technical Ceramics Corp.*, Case No. 14-02061-H-BGS, 2016 U.S. Dist. LEXIS 110212, *21 (S.D. Cal. Aug. 17, 2016) (noting that Defendant's JMOL motion on willfulness was "essentially moot because the Court, exercising its sound discretion, ultimately declines to award [Plaintiff] enhanced damages despite the jury's finding of willful infringement."); *Schwendimann v. Arkwright Advanced Coating, Inc.*, No. CV 11-820 (JRT/HB), 2018 U.S. Dist. LEXIS 127732, 2018 WL 3621206, at *21 (D. Minn. July 30, 2018) (citing *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997)) ("A court's denial of enhanced damages renders a motion for judgment as a matter of law on willful infringement moot."); *Baden Sports, Inc. v. Kabushiki Kaisha Molten*, 541 F. Supp. 2d 1151, 1165 (W.D. Wash. 2008) ("The Court has already decided *not* to award Baden enhanced damages or attorneys' fees. Because the jury's willfulness finding has no effect on this litigation, the issue is moot and the motion for a new trial on the issue of willfulness is denied.") (citation omitted); *Concordia Pharm., Inc. v. Method Pharm., LLC*, 240 F. Supp. 3d 449, 455 (W.D. Va. 2017) ("Because it is the court that ultimately decides whether to award enhanced damages or attorneys' fees, the jury's verdict on the issue of willfulness is only advisory.") *CloudofChange, LLC v. NCR Corp.*, No. W-19-CV-00513-ADA, 2022 U.S. Dist. LEXIS 195536, at *43 (W.D. Tex. 2022) ("Nonetheless, the issue is largely moot as this Court denied CoC's Motion for Enhanced Damages."); *Shiley, Inc. v. Bentley Labs., Inc.*, 601 F. Supp. 964, 967, n.5 (C.D. Cal. 1985) (concluding that the jury's verdict on the issue of willful infringement is "advisory only" and holding that defendant's motion under Fed. R. Civ. P. 50(b) on the issue of willful infringement is "rendered moot and is denied for that reason").

**So ORDERED and SIGNED this 11th day of June, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE